741 A.2d 576

**O–PORTO CONSTRUCTION CO., INC.**

v.

**DEVON/LANHAM, L.L.C.**

**No. 6727, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Dec. 3, 1999.

---

Frank J. Emig, Greenbelt, for appellant.

F. Robert Troll, Jr., Daphna Peled and O'Malley, Miles, Nylen & Gilmore, P.A., on the brief, Calverton, for appellee.

Submitted before MOYLAN, DAVIS and EYLER, JJ.

EYLER, Judge.

On October 7, 1998, O'Porto Construction Co., Inc., appellant, filed a complaint in the Circuit Court for Prince George's County against Devon/Lanham, L.L.C., appellee, seeking to establish a mechanic's lien. Thereafter, appellant filed an amended complaint and a show cause order. Appellee filed an opposition to the amended complaint, and after a hearing, the circuit court dismissed the complaint. Appellee's opposition was based on an assertion that the 15% of value requirement contained in section 9–102(a) of the Real Property (RP) Article of the Annotated Code of Maryland had not been met.

 On appeal, appellant asks whether, in order to meet the 15% of value requirement in RP § 9–102(a), the cost of all repairs and improvements to the property should be considered or just the cost of the claimant's work. This issue has not previously been decided by the appellate courts of this state. We hold that the cost of all repairs and improvements to the property should be considered in determining the percentage of value requirement set forth in RP § 9–102(a).

## Facts

Appellant alleged that, from April 6, 1998, until May 26, 1998, it performed concrete work at a commercial building owned by appellee. Appellant was hired by Shamrock Construction, Ltd., a subcontractor of appellee. The cost of the work performed by appellant was $27,557, of which $12,557 was due at the time the complaint was filed. Appellant further alleged that the work was part of a renovation of the entire property and that the total cost of all the renovation work exceeded 15% of the value of the property.

According to appellee, it purchased the property on September 15, 1997, for $2,600,000 and spent $2,694,581 to renovate the property. As a result, while the total cost of all renovations exceeded 15% of the value of the property, the cost of appellant's work did not exceed that threshold.

## Discussion

Appellant contends that (1) the plain language of the statute supports its claim, (2) the language is consistent with the obvious intent of the statute, which is to afford lien rights to all persons who participate in a substantial renovation or repair project to the same extent as persons who participate in the construction of a new building, and (3) if the statute is deemed to be ambiguous, it should be construed in favor of mechanics and materialmen.

Appellee acknowledges that the statute is for the benefit of mechanics and materialmen but states that, in order to have a valid lien, a claim must come within its terms. Appellee also relies on the plain language of the statute for the proposition that the work done by a particular claimant must equal or exceed 15% of the value of the building.

Appellee relies heavily on *Westpointe Plaza II Ltd. Partnership v. Kalkreuth Roofing & Sheet Metal, Inc.,* 109 Md. App. 569, 675 A.2d 571 (1996). Specifically, appellee points to language in the opinion wherein we stated that a petitioner's burden to establish a right to a lien "requires that a claimant

allege that its repairs constituted at least 25% of the value of the building repaired. . . . " *Id.* at 580, 675 A.2d 571.[1]

We do not find *Westpointe* on point or even instructive. The issue in the case before us simply was not before us in that case. In *Westpointe*, the owner of a shopping plaza, which contained a Burger King restaurant, contracted with Core Development Group (Core) to perform repair work at the shopping center at a cost of $38,000.00. The contract amount included $20,000.00 for roof repairs to the Burger King restaurant and $18,000.00 for repairs to the rest of the plaza. Core subcontracted the roof repairs to Kalkreuth Roofing & Sheeting Metal, Inc. (Kalkreuth). Upon completion of the restaurant re-roofing, the owner refused to pay Kalkreuth because it alleged that Kalkreuth's work was deficient. Kalkreuth filed a petition to establish a mechanics' lien on the restaurant in the amount of $20,600.00, which included the original contract price plus $600.00 as a result of a change-order. The Burger King restaurant was worth $800,000.00 before the repairs. The repairs to the Burger King restaurant, therefore, constituted only 2.58% of the total value of the restaurant. This Court found that Kalkreuth's petition, on its face, was insufficient to establish a mechanic's lien because the repairs did not meet the threshold requirement of 25% of the value of the restaurant.

The facts presented in *Westpointe* did not meet the legal requirements to establish a mechanics' lien because the cost of the entire work performed by the contractor did not equal or exceed 25% of the value of the building. The language in the opinion properly addressed the facts of that case but by no means constituted a holding with respect to the issue in the case before us.

### Legislative History

A mechanics' lien was unknown at common law, and was not allowed in equity. *See Frederick Contractors, Inc. v.*

---

1. As discussed later in this opinion, in 1996, the threshold percentage of value requirement for a mechanics' lien was reduced from 25% to 15%. *See* 1996 Md. Laws Ch. 435.

*Bel Pre Medical Ctr., Inc.,* 274 Md. 307, 313, 334 A.2d 526 (1975); 57 C.J.S. *Mechanics' Liens* § 2(c) (1992); 5 Richard R. Powell, *Powell on Real Property* § 38.10 (Patrick J. Rohan, ed., 1996). In 1791, Thomas Jefferson, James Madison, and other members of a commission established to supervise construction of a national capital in the present-day District of Columbia, suggested to the Maryland General Assembly that it enact a statute assuring to "master builders" operating on the project a lien upon their products as security for their payment. *See* 5 Powell, *supra,* at § 38.10; *see also Frederick Contractors, Inc.,* 274 Md. at 313, 334 A.2d 526; Mitchell S. Cutler and Leonard Shapiro, *The Maryland Mechanics' Lien Law—Its Scope and Effect,* 28 Md. L.Rev. 225, 225 (1968). The concept had been in use in the major civil law countries, and it has been suggested that Thomas Jefferson learned of the remedy as he studied major European cities in connection with the planning of the national capital. *See Morris v. United States,* 174 U.S. 196, 344–46, 19 S.Ct. 649, 43 L.Ed. 946 (1899) (White, Peckham, JJ., dissenting).

In December 1791, the Maryland General Assembly responded to this suggestion and became the first state to enact a mechanics' lien law. 1791 Md. Laws Ch. 45, § 10; *see also* Cutler & Shapiro, *supra,* at 225. This early act provided a lien to "the undertaker, or workmen, employed by the person for whose use the house shall be built."[2] 1791 Md. Laws Ch.

---

**2.** The full text of the statute was as follows:

*And,* for the encouragement of master builders to undertake the building and finishing of houses within the said city, by securing to them a just and effectual remedy for their advances and earnings, *Be it enacted,* That for all sums due and owing, on written contracts, for the building of any house in the said city, or the brick work, or carpenters or joiners work thereon, the undertaker, or workmen, employed by the person for whose use the house shall be built, shall have a lien on the house and the ground on which the same is erected, as well for the materials found by him; provided the said written contract shall have been acknowledged before one of the commissioners, a justice of the peace, or an alderman of the corporation of Georgetown, and recorded in the office of the clerk for recording deeds herein created, within six calendar months from the time of acknowledgment as aforesaid; and if, within two years after

45, § 10. The applicability of the statute was restricted to the site of the new national capital—now the District of Columbia—and to persons having direct contractual relations with the owner of the affected land. *Id.; see also* 5 Powell, *supra,* at § 38.10. In 1838, a lien law similar to the modern statute was enacted for Baltimore City, 1838 Md. Laws Ch. 205, and over the years, the remedy was gradually modified and extended to the other local jurisdictions within Maryland.

In 1898, Article 63 of the Code of Public General Laws was enacted and titled "Mechanics' Liens." 1898 Md. Laws Ch. 502. In particular, section 1 of the Mechanics' Liens law provided that: "Every building erected and every building repaired, rebuilt or improved to the extent of one-fourth its value, shall be subject to a lien for the payment of all debts contracted for work done for or about the same." 1898 Md. Laws Ch. 502. Additionally, section 14 of the Mechanics' Lien law provided that: "Any person furnishing work and complying with the provisions of this Article shall be entitled to the lien hereby given, *without regard to the amount of his claim." Id.* (emphasis added).

The pertinent language of sections 1 and 14 remained virtually unchanged until 1972. In 1972, the provisions were repealed, renumbered, and added to Article 21 of the Annotated Code of Maryland, entitled "Real Property." *See* 1972 Md. Laws Ch. 349. According to a comment to Title IX, the new section 9–101 of Article 21 was derived from sections 1 and 14 of Article 63. *See* Md. Ann.Code art. 21, § 9–101 (1973 Repl.Vol.). The new language provided, in pertinent part, as follows: "Every building erected and every building repaired, rebuilt or improved to the extent of one fourth of its value shall be subject to a lien *for the payment of all debts without*

---

the last of the work is done, he proceeds in equity, he shall have remedy as upon a mortgage, or if he proceeds at law within the same time, he may have execution against the house and land, in whose hands soever the same may be; but this remedy shall be considered as additional only, nor shall, as to the land, take place of any legal incumbrance made prior to the commencement of such claim.
1791 Md. Laws Ch. 45, § 10.

*regard to the amount thereof, contracted for work done for or about the same, and for materials furnished for or about the same. . . ." Id.*

In 1974, the Maryland General Assembly moved the provision from art. 21, § 9–101 to the Real Property Article of the Annotated Code of Maryland. *See* 1974 Md. Laws ch. 12, § 2. Although some stylistic changes were made to subsection (a), no substantive changes were made. *See id.* (Revisor's note).

In 1976, the act was repealed, renumbered, and additional language was added. *See* 1976 Md. Laws 349. Former section 9–101 was renumbered to become section 9–102 of the Real Property Article of the Maryland Code. The language in subsection (a) that is pertinent to this case, however, remained the same. The new provision provided that, "Every building erected and every building repaired, rebuilt, or improved to the extent of 25 percent of its value is subject to establishment of a lien in accordance with this subtitle for the payment of all debts, without regard to the amount, contracted for work done for or about the building and for materials furnished for or about the building. . . ." 1976 Md. Laws Ch. 349.

In 1977, section (d) was added to the statute for the purpose of providing notice to the purchaser of real property of the filing of a petition to establish a mechanics' lien. 1977 Md. Laws Ch. 749. In 1980, the statute was repealed and reenacted with amendments which provided that certain water supply, sewer, and storm drain pipelines were also subject to a mechanics' lien. 1980 Md. Laws Ch. 318. The language in subsection (a), however, remained unchanged.

In 1996, the threshold amount of certain building construction or improvement costs required in subsection (a) was reduced from 25% to 15%. 1996 Md. Laws Ch. 435. The amendment provided that a building repaired or improved to the extent of 15% of its value is subject to the establishment of a lien against it. *Id.*

The legislative history of the mechanics' lien statute, discussed above, reveals that two concepts were contained in separate statutory sections prior to the 1972 recodification of

the Maryland Code. Specifically, in the earlier versions of the 1957 Code, Section 1 of Article 63 provided that a building improved to the extent of one-fourth of its value was subject to a lien. Section 14 provided that, if a building was subject to a lien, a person furnishing work or materials or both was entitled to a lien without regard to the amount of the claim. These two concepts were combined when the Mechanics' Lien statute was recodified in 1972 as part of article 21. The substantive concept that a person in compliance with the other provisions of the mechanics' lien statute was entitled to a lien, regardless of the amount, was not expressly deleted. Instead, the concept continues to be reflected in the language of the present statute wherein it provides that a mechanics' lien is available "without regard to amount." Md.Code Ann., Real Prop. § 9–102(a) (1996 Repl.Vol. & 1999 Supp.).

Similarly, the preamble to the Bill that amended the statute in 1996 makes it clear that the statutory language creating a threshold requirement determines when the *property* is subject to a lien. The preamble states that the amendment was for the purpose of "altering the amount of certain building construction improvement costs for determining whether certain property is subject to the establishment of a lien." 1996 Md. Laws. Ch. 435. If the property is subject to a lien, the amount of an individual claim is irrelevant.

For the reasons stated above, we hold that the cost of all repairs and improvements performed on the property should be considered in determining the percentage of value requirement contained in RP § 9–102(a).

**JUDGMENT REVERSED; COSTS TO BE PAID BY APPELLEE.**